KROFFT (DEALE v.). See Case No. 3,698.

---

## Case No. 7,936.
### In re KROGMAN.
[5 N. B. R. (1872) 116.] [1]
#### District Court, E. D. Michigan.

BANKRUPTCY—DEMURRER TO PETITION — STATUTE OF LIMITATIONS.

A demurrer to the petition of the bankrupt's assignee, to recover property fraudulently conveyed by one who claims the property by virtue of a voluntary assignment of the debtor, will not be sustained simply on the ground that more than two years have elapsed since the cause of action accrued, and that therefore, it is barred by section two of the present bankruptcy act [of 1867 (14 Stat. 518)]. Respondent required to pay the cost of the demurrer, and allowed time to put in an answer to the assignee's petition.

[Cited in Norton v. Barker, Case No. 10,349; Smith v. Crawford, Id. 13,030. Cited, but not followed, in Walker v. Towner, Id. 17,089.]

Petition of Henry M. Duffield, assignee, against Gardner K. Grout to recover certain property and books of account alleged to have come to his possession under a fraudulent and void voluntary assignment for benefit of creditors, and on account of which P. H. Krogman was adjudged a bankrupt. Assignment to Grout alleged to have been made October fourteenth, eighteen hundred and sixty-seven. Petition for adjudication of bankruptcy filed in January, eighteen hundred and sixty-eight, and adjudication passed February third, eighteen hundred

1 [Reprinted by permission.]

and sixty-eight, and assignee appointed February twenty-eighth, eighteen hundred and sixty-eight, who resigned, and resignation was accepted, and the petitioner was appointed assignee in their stead November twenty-eighth, eighteen hundred and seventy. This petition was filed February first, eighteen hundred and seventy-one, more than two years after appointment of assignee. Grout demurs to this petition on the ground that, more than two years having elapsed since the cause of action accrued the same is barred by section two of the bankrupt act.

Henry M. Duffield, petitioner in person.
Mr. Griffin (of Moore & Griffin), for Grout.

LONGYEAR, District Judge. The petitioner contends that the limitation provided by section two does not apply, because (1) this is not a suit, a "suit at law or in equity," within the meaning of said section two; and (2) Grout is not a "person claiming an adverse interest touching the property and rights of property" "of said bankrupt transferable to or vested in the assignee," within the meaning of said section.

First. As was held by this court in Re Norris [Case No. 10,304], the assignee has his option, in a case like the present, to proceed in the bankruptcy court, in the district court or in the circuit court. Now, if he had proceeded in either of the two last mentioned courts, the forms of proceeding would necessarily have been such that there could have been no question as to its being a "suit" within the meaning of section two. I think it can make no difference with the application of the limitation provided by section two, because the assignee has chosen to proceed in the bankruptcy court, and has thereby necessarily adopted a different form of proceeding. It is a "suit at law," nevertheless, within the spirit and meaning of said section, and therefore, so far as that question is concerned, the limitation applies.

Second. So far as appears by the allegations in the petition, and that is all the guide we have in the present aspect of the case, all the claim set up by Grout is (1) that the amount claimed by the assignee is much larger than what he is liable for; and (2) that he sets up a claim for services which the assignee disputes. Nowhere in the petition does it appear that Grout in any manner sets up any interest touching the property itself, or the rights of property of the bankrupt, adverse to the assignee. What Grout disputes is simply the amount, and not the assignee's interests and rights touching the property. Neither could he as voluntary assignee under a void assignment, have or claim, merely as such, any such adverse interest as against the assignee in bankruptcy; and Grout's claim for services is clearly not a claim of interest, adverse or otherwise touching the property, &c. It is simply a personal claim of indebtedness against the estate, and can in no event constitute a lien upon the property and books of account in his hands, under the circumstances of this case as developed in the petition. See, also, Sedgwick v. Casey [Case No. 12,-610], recently decided in Southern district of New York, in which the above views are confirmed. The cause of action is therefore not such an one as falls within the scope of the limitation proved in section two, and for that reason the demurrer is not well grounded. The demurrer is overruled with costs, and the respondent Grout, is given —— days to put in his answer to the petition.